UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JACK RAY CARR | : | DOCKET NO. 3:14-CV-00753 |
| VERSUS | : | JUDGE DONALD WALTER |
| MICHAEL L. MCCONNELL, CLERK | : | MAGISTRATE JUDGE KATHLEEN KAY |

### MEMORANDUM ORDER

Before the court are a Petition and Amended Petition for Writ of Mandamus, [Docs. ## 1, 7], filed by *pro se* petitioner Jack Ray Carr ("Carr"). Named respondent is Michael L. McConnell ("McConnell"), the Clerk of Court for the United States District Court for the Middle District of Louisiana. [Doc. #1, p. 6]. For the following reasons, Carr's amended petition is **DENIED and DISMISSED WITH PREJUDICE** *ex proprio motu*.

### I. BACKGROUND

Carr, federal prisoner 05895-095, was convicted by a jury in June 2012 on six counts of tax fraud. [Doc. #1, p. 6]; *see also United States v. Jack Ray Carr*, No. 3:11-cr-162, Doc. #78 (M.D. La. 2012). Carr seeks an order compelling McConnell to produce, for inspection and copying, various documents and records pertaining to the grand jury proceedings relevant to Carr's indictment. [Doc. #1, p. 5; Doc. #7, p. 2]. According to Carr, McConnell is legally obligated to produce the requested materials under 28 U.S.C. § 1868.[Doc. #1, p. 3]. Carr claims that his request is for the purpose of determining the validity of the selection of the grand jury. *Id.* at 4.

### II. LAW & ANALYSIS

"The district courts shall have original jurisdiction of any action in the nature of mandamus

to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus will only be issued in extraordinary circumstances. *Kerr v. United States Dist. Ct.*, 426 U.S. 394, 403 (1976). In order for mandamus to be granted, a petitioner must demonstrate: "(1) a clear right to the relief; (2) a clear duty by the respondent to do the act requested; and (3) the lack of any other adequate remedy." *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (citing *United States v. O'Neil*, 767 F.2d 1111, 1112 (5th Cir. 1985).

Upon due consideration, the court concludes that Carr is not entitled to mandamus relief. Carr bases his request for copies of the grand jury records on 28 U.S.C. § 1868, which provides as follows:

> After the master jury wheel is emptied and refilled pursuant to [28 U.S.C. § 1863(b)(4)], and after all persons selected to serve as jurors before the master wheel was emptied have completed such service, all records and papers compiled and maintained by the jury commission or clerk before the master wheel was emptied shall be preserved in the custody of the clerk for four years or for such longer period as may be ordered by a court, *and shall be available for public inspection for the purpose of determining the validity of the selection of any jury*.

28 U.S.C. § 1868 (2014) (emphasis added). As the emphasized language demonstrates, the statute does not obligate the clerk of court to provide copies of the entire grand jury record relevant to a defendant's criminal case. Rather, the statute "merely requires a court clerk to make jury records and papers available to the public and does not impose a duty on the court, a court clerk, or any other public official to copy and distribute such documents." *United States v. Montelongo*, 582 Fed. App'x 404, 405 (5th Cir. 2014) (per curiam). Accordingly, McConnell is not statutorily obligated to provide Carr or his representative with copies of the documents Carr seeks, and the court will not order McConnell to do so.

Additionally, to the extent Carr seeks an order requiring McConnell to make the jury

selection records available for inspection, no such order is necessary. "[M]embers of the public do not need a court order to inspect jury records, provided they do so 'for the purpose of determining the validity of the selection of any jury.'" *Montelongo*, 582 Fed. App'x at 405–06 (quoting 28 U.S.C. § 1868). Accordingly, Carr, or any member of the public for that matter, may inspect the records for the proper purpose, without any need for court action.[1]

Finally, the court notes that the apparent purpose for which Carr intends to use the documents is beyond the scope of § 1868. The statute allows for public inspection of the documents "for the purpose of determining the validity of the *selection* of any jury." 28 U.S.C. § 1868 (emphasis added). It appears from Carr's broad requests and corresponding arguments that he wishes to search for perceived irregularities in the grand jury *proceeding* rather than compliance with the court's jury selection plan.[2] As such, relief is not available to Carr under 28 U.S.C. § 1868.

---

[1] Indeed, the record reflects that McConnell advised Carr that redacted copies of the original summonses would be available to Carr's designee for inspection and copying any time after December 18, 2014. [Doc. #3, p. 2]. Carr acknowledges receiving copies of those summonses, although he found them "nonresponsive." [Doc. #8, p. 1].

[2] Carr initially sought only copies of the original summonses issued to the grand jurors who voted to indict him.[Doc. #1, p. 2]. He later amended his petition to demand "copies of the minutes or transcripts of the proceeding; records showing actual vote count for each indictment; records of the roll call or attendance of each Grand Juror; the identity of all persons at the Grand Jury hearing; the name of the Jury foreperson and alternate foreperson; and all other records that go the validity of the Grand Jury and are required by law to be maintained by the Clerk of Court." [Doc. #7, p. 2]. Carr argues that these documents are necessary for him to determine whether the court possessed the power to proceed against him. [Doc. # 1, pp. 4–5]. Nowhere does Carr indicate that the court's jury selection procedure was somehow violated or otherwise compromised.

### III. Conclusion

For the foregoing reasons, **IT IS ORDERED** that both the Petition and Amended Petition for Writ of Mandamus, [Docs. ## 1, 7], be and are hereby **DENIED**. Petitioner's claims are hereby **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 19 day of February, 2015.

*Donald Walter*
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE